**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
STERLING EQUIPMENT, INC.,
as Owner of the "KELLY," a non-self propelled,
steel freight barge, for exoneration from or     **ADOPTION ORDER**
limitation of liability,    15-cv-711(ADS)(ARL)
         Petitioner,

      -against-

NASSAU COUNTY BRIDGE AUTHORITY
and HENRY MARINE SERVICE INC.,
         Respondents.
---------------------------------------------------------X
**APPEARANCES:**

**Betancourt Van Hemmen Greco & Kenyon LLC**
*Attorneys for the Petitioners*
151 Bodman Place Suite 200
Red Bank, NJ 07701
   By: Alton James Evans, Jr., Esq.
      Ronald Betancourt, Esq., Of Counsel

**SPATT, District Judge**.

On February 11, 2015, the Petitioner Sterling Equipment, Inc. as Owner of the "KELLY," a non-self propelled, steel freight barge (the "Petitioner") commenced this maritime action seeking exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 30501 *et seq.* and Rule F of the Supplemental Rules of Admiralty or Maritime Claims, in connection with damage allegedly caused out of a collision between the Petitioner's vessel, the "KELLY," and a tug boat called the "DOROTHY J," owned by Henry Marine Service, Inc. ("Henry Marine") and a bridge owned by Nassau County Bridge Authority ("NCBA," together with Henry Marine, the "Respondents").

On April 23, 2015, the Clerk of the Court noted the default of the Respondents.

1

Also on April 23, 2015, the Petitioner moved for a default judgment against the Respondents, which motion the Court referred to United States Magistrate Judge Arlene R. Lindsay for a report recommending whether a default judgment should be granted, and if so, whether damages should be awarded.

On February 17, 2016, Judge Lindsay issued a report (the "R&R") recommending that the Petitioner's motion be granted and that the Court enter a default judgment in favor of Petitioner and against NCBA, Henry Marine and any and all claimants that have not filed a claim, answer and/or otherwise responded to the petition. The R&R did not reach the issue of damages, attorneys' fees, or costs because the Petitioners did not seek them.

It has been more than fourteen days since the service of the R&R, and the parties have not filed objections.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the February 19, 2016 R&R for clear error, and finding none, now concurs in both its reasoning and its result. See Coburn v. P.N. Fin., No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error).

Accordingly, the R&R is adopted in its entirety. The Clerk of the Court is directed to (i) enter judgment for the Petitioner and against NCBA, Henry Marine and any and all claimants that have not filed a claim, answer and/or otherwise responded to the petition; and (ii) close this case.

**SO ORDERED.**
Dated: Central Islip, New York
March 31, 2016

                                                    */s/ Arthur D. Spatt*
                                                 ARTHUR D. SPATT
                                        United States District Judge